# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGIODYNAMICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK MEDICAL PRODUCTS, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff AngioDynamics, Inc. ("AngioDynamics") hereby alleges as follows for its complaint against Defendant Norfolk Medical Products, Inc. ("Norfolk"):

## THE PARTIES

1. AngioDynamics is a Delaware corporation having its principal place of business at 14 Plaza Drive, Latham, New York 12110. AngioDynamics maintains corporate offices at 26 Forest Street, Marlborough, Massachusetts 01752.

2. On information and belief, Defendant Norfolk is an Illinois corporation having its principal place of business at 7350 N. Ridgeway Avenue, Skokie, Illinois 60076. Norfolk includes a division named Access Technologies ("Access"), with a common principal place of business. Norfolk has committed the wrongful acts complained of herein within this judicial district and elsewhere.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement, trademark infringement, unfair competition, and false designations, descriptions, and representations arising under the laws of the United States and under the state law and common law of the Commonwealth of Massachusetts.

4. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This court has personal jurisdiction over Defendant because, upon information and belief, Defendant has knowingly and purposefully transacted business in Massachusetts by selling, offering to sell, and/or distributing products, promotional materials, and advertisements to residents of Massachusetts. In addition, the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and jurisdiction is, therefore, proper pursuant to 28 U.S.C. § 1332(a), (b), and (c).

6. On information and belief, Defendant conducts business in this judicial district, Defendant has caused tortious injury in this commonwealth through the wrongful acts complained of herein, and/or the infringing goods have been advertised and/or distributed in this state and, therefore, this court has personal jurisdiction over Defendant under the Massachusetts long arm statute, M.G.L. Ch. 223A, Section 3, and venue is proper under 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

7. Plaintiff is a leading manufacturer, innovator, and patent owner of medical devices known as ports. A port is a vascular access device implanted under a patient's

skin for the repeated injection of medications into the patient's body. Medications are injected into a reservoir through a needle that pierces a septum, and the medications flow through an outlet extending from the reservoir into a catheter, which is inserted into the patient's vasculature. An exemplary illustration of a cross section of a port is shown below:



8. Plaintiff's implantable port products include the VORTEX® and SMART PORT® families of implantable port products, which include the Plaintiff's proprietary VORTEX port technology. Among other features, VORTEX port technology includes a tangential outlet that helps to create a flushing action within the port to cleanse the entire reservoir during the injection of fluids. VORTEX port technology offers significant advantages over competing products such as a decreased sludge build-up and a reduced rate of occlusions.

9. Plaintiff has extensively advertised and promoted the use of VORTEX ports, SMART PORT ports, and VORTEX port technology on the internet, in nationally circulated promotional materials, and in other widely circulated advertisements and marketing materials.

10. As a result of the long and extensive advertising and promotion of VORTEX ports, SMART PORT ports, and VORTEX port technology by Plaintiff,

VORTEX ports, SMART PORT ports, and VORTEX port technology have become widely recognized and well-known throughout the United States and have become associated with Plaintiff as a source of these products and technologies.

11. On September 14, 1999, United States Patent No. 5,951,512 ("the '512 patent") entitled "Infusion Port with Modified Drug Reservoir," was duly and legally issued by the United States Patent and Trademark Office. Plaintiff owns the '512 patent by assignment. A true and correct copy of the '512 patent is attached as Exhibit A to this Complaint. Among other things, the '512 patent covers Plaintiff's proprietary VORTEX port technology, including ports having a tangential outlet and the use thereof.

12. Michael J. Dalton is the sole named inventor of the '512 patent. On information and belief, Mr. Dalton is the current president and chief executive officer of Norfolk.

13. On June 2, 1998, Norfolk and Mr. Dalton entered into an Asset Purchase Agreement with Horizon Medical Products, Inc. ("Horizon"), pursuant to which Norfolk and Mr. Dalton sold certain port-related assets to Horizon. The patent application that issued as the '512 patent was among the assets sold by Norfolk and Mr. Dalton to Horizon. In conjunction with the Asset Purchase Agreement, Norfolk and Mr. Dalton entered into a Patent Assignment, pursuant to which Norfolk and Mr. Dalton assigned all of their right, title and interest in the patent application that issued as the '512 patent and other patent assets to Horizon. A true and correct copy of the Patent Assignment is attached to this Complaint as Exhibit B, wherein the '512 patent is identified by its application serial number, 08/653,880, and its filing date, May 28, 1996. Accordingly, as

4

of June 2, 1998, Norfolk, its subsidiaries and affiliates, and Mr. Dalton relinquished any and all rights in the '512 patent.

14. On July 30, 2004, Horizon merged with RITA Medical Systems, Inc. ("RITA"), and on January 29, 2007, AngioDynamics acquired RITA. True and correct copies of assignment documents that evidence the chain of title of the '512 patent from Horizon to RITA, and from RITA to AngioDynamics, are attached to this Complaint as Exhibit C. Accordingly, Plaintiff AngioDynamics is the sole owner of the '512 patent.

15. Defendant has known of Plaintiff's rights in the '512 patent, including the rights of Plaintiff's predecessors-in-interest, since at least June 2, 1998. Moreover, Plaintiff's VORTEX ports and SMART PORT ports are marked with the '512 patent, thereby providing notice in accordance with 35 U.S.C. § 287.

16. Defendant currently makes, uses, distributes, sells, and/or offers to sell, in this jurisdiction and others, a number of implantable port products, including without limitation the SPORTPORT, CLEARPORT, GRIDLOCK, and SWIRLPORT implantable port products. Each of these implantable port products includes a tangential outlet and closely resembles Plaintiff's implantable port products, including Plaintiff's proprietary VORTEX port technology.

17. Plaintiff is the owner of the United States Trademark Registration No. 3,607,814, issued April 14, 2009, for the mark SMART PORT for "vascular access ports for medical use," a true and correct copy of which is attached to this Complaint as Exhibit D. The above trademark registration is valid and subsisting, and is in full force and effect.

18. Defendant's promotional materials and publications indicate that VORTEX port technology was developed by Defendant in a manner that falsely suggests that Defendant has rights to such technology, and/or that there is an affiliation and/or sponsorship between AngioDynamics and Norfolk that does not exist.

19. Defendant's promotional materials depict illustrations that have been copied or derived from Plaintiff's promotional materials directed to Plaintiff's proprietary VORTEX port technology.

## COUNT I
## PATENT INFRINGEMENT

20. This cause of action for patent infringement arises under 35 U.S.C. § 271 *et seq*. Plaintiff repeats and realleges paragraphs 1 through 19 of this Complaint.

21. Defendant has infringed and is still infringing the '512 patent directly, contributing to the infringement of the '512 patent, and/or inducing the infringement of the '512 patent by making, selling, offering to sell, using, distributing, advertising, promoting the use of, and/or supplying implantable ports, such as the SPORTPORT, CLEARPORT, GRIDLOCK, and SWIRLPORT products, that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

22. The aforementioned implantable port products are specialized products that have no non-infringing uses and are typically sold to medical institutions and researchers for human and animal use.

23. With knowledge of the '512 patent, Defendant has marketed and advertised the use of, and has instructed others to use, its infringing implantable port products through at least distributed marketing materials and other materials found on its website, emphasizing advantages and efficiencies to customers and users of the

aforementioned implantable port products. As an example, Defendant has instructed others regarding the use, advantages and efficiencies of a tangential port outlet, thus knowingly, and with specific intent, encouraging customers and users of the aforementioned infringing implantable port products to directly infringe the '512 patent.

24. Such infringement has been and continues to be willful and deliberate.

25. Plaintiff has given the Defendant written notice of its infringement.

26. The aforesaid acts by Defendant have caused and, unless enjoined by this court, will continue to cause, irreparable damage, loss, and injury to Plaintiff.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

27. This cause of action for trademark infringement arises under § 32 of the Lanham Act, 15 U.S.C. § 1114(a) *et seq*. Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint.

28. Defendant's use of the product name SPORTPORT in commerce is likely to cause confusion, mistake, or deception as to the origin of Defendant's products and mislead purchasers and potential purchasers of Defendant's products to believe that Defendant's products originate from, are affiliated with, or are sponsored by Plaintiff.

29. The aforesaid acts of Defendant constitute infringement of Plaintiff's United States Trademark Registration No. 3,607,814, issued April 14, 2009, for the mark SMART PORT, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Such infringement has been and continues to be willful and deliberate.

31. Plaintiff has given the Defendant written notice of its infringement.

32. The aforesaid acts of infringement by Defendant have caused and, unless enjoined by this court, will continue to cause, irreparable damage, loss, and injury to Plaintiff.

### COUNT III
### FEDERAL UNFAIR COMPETITION, FALSE DESIGNATIONS, DESCRIPTIONS, AND REPRESENTATIONS

33. This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint.

34. Defendant's promotional materials and publications falsely suggest that Defendant has rights to the VORTEX port technology, and/or that there is an affiliation and/or sponsorship between AngioDynamics and Norfolk. Moreover, Defendant's infringement of Plaintiff's SMART PORT trademark, and its use of illustrations that have been copied or derived from Plaintiff's promotional materials, falsely suggest an affiliation and/or sponsorship between Plaintiff and Defendant.

35. The acts of Defendant complained of herein constitute unfair competition, false designation of origin and false and misleading descriptions and representations that are likely to cause confusion, mistake and deception as to the affiliation, connection, or association between Plaintiff and Defendant, and/or as to the origin, sponsorship or approval of Defendant's products and commercial activities by Plaintiff, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. The aforesaid acts by Defendant have caused and, unless enjoined by this court, will continue to cause, irreparable damage, loss, and injury to Plaintiff.

### COUNT IV
### MASSACHUSETTS UNFAIR COMPETITION

37. This cause of action for unfair competition arises under the state law of Massachusetts. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint.

38. Plaintiff is engaged in the conduct of a trade or commerce in Massachusetts.

39. Defendant's aforesaid actions in its promotional and sales materials, including its infringement of Plaintiff's SMART PORT trademark, its use of illustrations that have been copied or derived from Plaintiff's promotional materials, and its false suggestion of having rights to the VORTEX port technology and/or an affiliation or sponsorship with Plaintiff constitute an unfair method of competition and/or an unfair or deceptive act or practice in violation of Mass. Gen. Laws Chapter 93A, Section 2.

40. The aforesaid acts of Defendant have caused, and unless enjoined by this court, will continue to cause, irreparable damage, loss, and injury to Plaintiff.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

41. This cause of action for trademark infringement arises under the common law of Massachusetts. Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint.

42. Defendant's use of a the product name SPORTPORT is likely to cause confusion, mistake, or deception as to the origin of Defendant's products and mislead purchasers and potential purchasers of Defendant's products to believe that Defendant's products originate from, are affiliated with, or are sponsored by Plaintiff.

43. The aforesaid acts of Defendant constitute infringement of Plaintiff's SMART PORT trademark, in violation of the common law of Massachusetts.

44.     Plaintiff has suffered damage to its business and reputation because of Defendant's unlawful conduct, and the Defendant will be unjustly enriched.

45.     Such infringement has been and continues to be willful and deliberate.

46.     Plaintiff has given the Defendant written notice of its infringement.

47.     The aforesaid acts of Defendant have caused, and unless enjoined by this court, will continue to cause, irreparable damage, loss, and injury to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.      A judgment in favor of Plaintiff that Defendant has infringed, directly and indirectly by way of inducement and contributory infringement, the '512 patent;

B.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from further infringing, inducing the infringement of, or contributing to the infringement of the aforementioned patent;

C.      An award to Plaintiff of the damages to which it is entitled under at least 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

D.      That Defendant, its subsidiaries, officers, agents, employees, servants, attorneys, successors, and assigns, and all persons in active concert or participation with it and anyone else who receives actual notice or knowledge of this injunction by personal service or otherwise, be preliminarily and permanently enjoined from:

        i. Infringing Plaintiff's trademarks, as set forth above; and

        ii. Exploiting, distributing, selling, offering for sale, promoting, or advertising any product, including any online advertising, which makes use of the trademarks set forth herein or any other trademarks or trade dress likely to cause confusion with or likely to dilute Plaintiff's marks; from further unlawfully trading upon and misappropriating the goodwill and reputation of Plaintiff and competing unfairly with Plaintiff and from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts;

    E.    That a copy of any order issued from this action be served upon any agent, subsidiary, parent, or servant of Defendant, involved in the design, manufacture, distribution, or advertising of implantable port products;

    F.    That Defendant file with the court and serve on Plaintiff in accordance with 15 U.S.C. § 1116, within thirty (30) days after service on Defendant of such injunction (or such extended period as the court may direct), a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

    G.    That, in accordance with 15 U.S.C. § 1118, all brochures, stationery, merchandise, labels, signs, prints, packages, package wrappers, photographs, and negatives, cards, publications, books, advertisements, and the like in Defendant's possession, custody or control, and all plates, molds, matrices, dies, and other means of making the same, which might, if used, violate the injunction herein granted, be delivered up and destroyed as the court shall direct;

H. That Plaintiff recover from Defendant the amount of damages sustained by Plaintiff as found by the Court, in consequence of Defendant's unlawful acts, together with appropriate interest on such damages, and that, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, such damages be trebled;

I. That Defendant be ordered to account for and pay over to Plaintiff all the gains, profits, savings, and advantages realized by Defendant from its acts of trademark infringement, use of a false designation of origin or false description or representation, and unfair competition;

J. That Plaintiff recover from Defendant exemplary damages by reason of their wanton and willful acts of common law trademark infringement;

K. A judgment and order requiring Defendant to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

L. An award to Plaintiff of pre-judgment and post-judgment interest on its damages; and

M. Such other further relief in law or equity to which Plaintiff may be justly entitled.

## **JURY TRIAL DEMAND**

In accordance with Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: May 21, 2014                             Respectfully submitted,

                                By:     /s/ Scott T. Bluni
                                        Scott T. Bluni, BBO #660187
                                        sbluni@kdbfirm.com
                                        **KACVINSKY DAISAK BLUNI PLLC**
                                        50 Doaks Lane
                                        Marblehead, Massachusetts 01945
                                        (781) 336-0113

                                        *Attorneys for Plaintiff*