## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGIODYNAMICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK MEDICAL PRODUCTS, INC., <br><br> Defendant. | Civil Action No. 1:14-cv-12246-IT |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ANGIODYNAMICS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff AngioDynamics, Inc. ("AngioDynamics") hereby submits this Memorandum of Law in Support of its Motion for Leave to Amend Complaint. AngioDynamics seeks leave to amend its Complaint to add its newly issued United States Patent No. 8,926,573 ("the '573 patent"), which issued today, January 6, 2015. *See* Exhibit 1, First Amended Complaint and Jury Demand at Exhibit E.

### A.  THE FACTS AND PROCEDURAL STATUS OF THE CASE SUPPORT GRANTING LEAVE TO AMEND

AngioDynamics filed its Complaint on May 21, 2014 asserting patent infringement (Count I), Federal trademark infringement (Count II), Federal unfair competition, false designations, descriptions and presentations (Count III), Massachusetts unfair competition (Count IV) and common law trademark infringement under Massachusetts law (Count V). *See* ECF Doc. No. 1. Norfolk filed its Answer on July 18,

2014, then filed an Amended Answer on August 25, 2014.  *See* ECF Doc. Nos. 11 and 20.  AngioDynamics served its Rule 26(a)(1) Initial Disclosures and one document request on August 21, 2014, the same day the parties conducted a Fed. R. Civ. P. ("Rule") 26(f) conference.

Defendant Norfolk Medical Products, Inc. ("Norfolk") has not served its Rule 26(a)(1) Initial Disclosures, nor have they served any discovery.  Norfolk has responded-in-part to one document request served by AngioDynamics relating to sales and manufacturing numbers of the accused products.

The Honorable Judge Talwani conducted a Rule 16(b) conference on December 18, 2014.  A case schedule has not yet been issued.

**B.  THE LAW WEIGHS IN FAVOR OF GRANTING LEAVE TO AMEND HERE**

Rule 15(a)(2) states that a "party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Rule 15(a)(2).

District courts enjoy "significant latitude in deciding whether to grant leave to amend."  *U.S. ex rel. Gagne v. City of Worcester*, 565 Fed.3d 40, 48 (1st Cir. 2009).  Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party and futility of amendment.  *Id.*  None of those reasons exist here.

AngioDynamics has not delayed in filing its motion to amend to add the '573 patent.  The patent issued today.  Counsel for AngioDynamics informed counsel for

Norfolk on December 4, 2014 of its intent to add the patent to the case as soon as it issued. Thus, there can be no claim of surprise, bad faith or dilatory motive.

AngioDynamics also informed the Court of its intent to add the '573 patent to the case. In the Joint Statement Pursuant to Rule 26(f), As Well as Local Rules 16.1 and 16.6, AngioDynamics disclosed its intent to move for leave to amend its Complaint, and also took the addition of the '573 patent into consideration when proposing the case schedule. *See* ECF Doc. No. 27 at 3 and Exhibit A.

Further, no case schedule has been set. As such, AngioDynamics is not outside the scheduled time for Amending Pleadings per the case schedule. In any event, the deadlines proposed for Amending Pleadings were March 1, 2015 and April 1, 2015, by AngioDynamics and Norfolk, respectively. If a case schedule were to issue imminently reflecting either of the proposed deadlines, AngioDynamics' motion would be within the deadline. Motions to amend pleadings before the deadline set by a court's initial scheduling order are generally considered timely. *See, e.g., Crowl v. M. Chin Realty Trust*, 607 F. Supp. 2d 245, 246-47 (D. Mass. 2009).

Finally, Norfolk has served neither its Rule 26(a)(1) Initial Disclosures nor any discovery of any nature. This case indeed is in its infancy.

Accordingly, there has been no delay, and certainly no prejudice to Norfolk for that or any other reason. The scope of discovery will not be significantly increased because the same products accused of infringing the '573 patent are also accused of infringing the '512 patent, which was included in the Complaint as originally filed, and AngioDynamics' request for relief remains the same. Additionally, Norfolk can present no evidence of bad faith, dilatory tactic, repeated failure to cure deficiencies or futility.

Where, like here, a party has no basis on which to oppose the amendment of a complaint, and the motion to do so is prior to the expiration of the deadline to amend pleadings set by the court, this court has granted such motions.  *See PerkinElmer Health Sciences, Inc. v. Agilent Technologies, Inc.*, 932 F.Supp.2d 207, 212-13 (D. Mass. 2013) (granting motion for leave to amend the complaint over defendant's objection).

In sum, AngioDynamics respectfully requests that this Court grant it leave to file the attached First Amended Complaint to add the '573 patent to the case.  A proposed order granting AngioDynamics' motion is attached hereto as Exhibit 2.

Dated: January 6, 2015                               Respectfully submitted,

By:     /s/ *Scott T. Bluni*
        Scott T. Bluni, BBO #660187
        Suzanne M. Parker
        Wesley Jones
        sbluni@kdbfirm.com
        Suzanne M. Parker
        Jason Harrier
        **KACVINSKY DAISAK BLUNI PLLC**
        50 Doaks Lane
        Marblehead, Massachusetts 01945
        (781) 336-0113

        *Attorneys for Plaintiff AngioDynamics, Inc.*

## **CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I, Scott T. Bluni, hereby certify that on January 6, 2015, **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ANGIODYNAMICS' MOTION FOR LEAVE TO AMEND COMPLAINT** was filed with the Court through its ECF system and delivered electronically via the email addresses reflected below to:

Soula Skokos
SKOKOS LAW GROUP, LLC
1100 Jorie Blvd., Suite 220
Oak Brook, Illinois 60523
630.368.1699
sskokos@aol.com

Brian D. Lipkin
Rose, Chinitz & Rose
One Beacon Street, 23rd Floor
Boston, MA 02108
617.536.0040
bdl@rose-law.net

                                      Respectfully submitted,

By:    /s/ *Scott T. Bluni*_____
           Scott T. Bluni, BBO #660187
           Suzanne M. Parker
           Jason Harrier
           sbluni@kdbfirm.com
           sparker@kdbfirm.com
           **KACVINSKY DAISAK BLUNI PLLC**
           50 Doaks Lane
           Marblehead, Massachusetts 01945
           (781) 336-0113

           *Attorneys for Plaintiff AngioDynamics, Inc.*